RECEIVED
USDC CLERK, CHARLESTON, S<sup></sup>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2006 MAY 31  A II: 22

Larry D. Hall,                    )    C. A. No. 2:05-2823-PMD-RSC
                                  )
            Plaintiff,            )
                                  )
    -versus-                      )    **REPORT AND RECOMMENDATION**
                                  )
JoMar Logistics, Inc.,            )
                                  )
            Defendant(s).         )

This claim under the Americans with Disabilities Act (ADA)
and for retaliation for filing a worker's compensation claim is
before the undersigned United States Magistrate Judge in accord
with 28 U.S.C. § 636 and the local rules of this court for
consideration of the plaintiff's request for damages.

On February 23, 2006, based upon an affidavit of default
submitted by the plaintiff, the Clerk of Court entered default as
to defendant JoMar Logistics, Inc.  Subsequently on April 24,
2006, the matter was referred to the undersigned United States
Magistrate Judge for a Report and Recommendation as to the entry
of a default judgment and as to damages.  On May 23, 2006, a
hearing was held to determine the amount of damages, if any.  The
defendant was given notice of the hearing, but failed to appear.

In support of his claims for damages the plaintiff presented
by way of affidavit and testimony claims of $28,012.58 in lost
wages and attorneys' fees and costs of $3,472.80.  The plaintiff
also alleged emotional distress, pain and suffering, but
presented insufficient evidence to justify an award of damages.

The entry of default and default judgment is governed by

Federal Rule of Civil Procedure 55, which reads in pertinent

part:

> (a) Entry. When a party against whom a judgment
> for affirmative relief is sought has failed to
> plead or otherwise defend as provided by these
> rules and that fact is made to appear by affidavit
> or otherwise, the clerk shall enter the party's
> default.
> (b) Judgment. Judgment by default may be entered
> as follows:
> (1) By the Clerk. When the plaintiff's claim
> against a defendant is for a sum certain or for a
> sum which can by computation be made certain, the
> clerk upon request of the plaintiff and upon
> affidavit of the amount due shall enter judgment
> for that amount and costs against the defendant,
> if the defendant has been defaulted for failure to
> appear and if he is not an infant or incompetent
> person.
> (2) By the Court. In all other cases the party
> entitled to a judgment by default shall apply to
> the court therefor....

Generally, the entry of default and default judgment is

disfavored because it prevents a plaintiff's claims from being

decided on the merits. 10 Wright, Miller & Kane, Federal

Practice and Procedure § 2681 (1983). "There is a strong public

policy, supported by concepts of fundamental fairness, in favor

of trial on the merits, see, e.g., Jackson v. Beech, 636 F.2d

831, 835 (D.C. Cir. 1980), particularly when monetary damages

sought are substantial." Swink v. City of Pagedale, 810 F.2d

791, 792 n. 2 (8th Cir. 1987), cert. denied, 483 U.S. 1025, 107

S.Ct. 3274 citing 10 Charles A. Wright, Arthur R. Miller & Mary

K. Kane, Federal Practice and Procedure § 2693, at 482-85 (2d ed.

1983). Accordingly, entry of judgment by default is a drastic remedy which should be used only in extreme situations. Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287.

"Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." See, e.g., Lee v. Brotherhood of Maintenance of Way Employees, 139 F.R.D. 376, 381 (D.Minn. 1991), citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2682, at 411 (2d ed. 1983).

The court is required to exercise "sound judicial discretion" in deciding whether to enter default judgment. "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default." Id. The court should consider a number of factors in determining whether to enter default and default judgment, including: (1) prejudice to the plaintiff if default judgment is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. See, e.g., Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct.  See, e.g., United States on Behalf of and for the Use of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).

Generally it is difficult to understand why an ongoing corporation would not respond to a summons and complaint if it were served.  The certificate of service herein is accompanied by a postal return receipt directed to Joseph Sarob, Jr., registered agent for the defendant in Christiana, Delaware.  The name of the party receiving the card is not printed, and the signature does not resemble "Joseph Carob, Jr." (Docket #9).  However it was accepted by the Clerk for purposes in entering default and is uncontested here.  It also appears from the Clerk's electronic docket that other motions or orders of the court were forwarded to the defendant and at least the Notice of the Default Hearing was mailed by the Clerk of Court using both standard mail and registered mail, neither of which apparently was returned to the court as undeliverable.  (See Docket #12).

It appears further that the plaintiff's motion for a Default Hearing was served by mail on both Joseph Sarob, Jr., and Michael J. Goodrick, Esquire of Wilmington, Delaware.  Attorney Goodrick has never filed a notice of appearance herein. (Docket # 9), nor

4

did anyone on behalf of the defendant respond to the motion for default judgment and damages.

Accordingly, in the absence of any opposition to the entry of default and in light of the testimony of the plaintiff, it is recommended that this court enter its order finding the defendant JoMar Logistics, Inc., in default and awarding the plaintiff judgment in the amount of $31,485.38.

Respectfully Submitted

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

May 31, 2006

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>&</u>

The **Serious Consequences** of a Failure to Do So

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

  During the ten-day period, but <u>not</u> thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court); *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
